UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0225-B |
| | § | |
| SIXTO RIVERA BUSTILLOS, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Sixto Rivera Bustillos (Rivera Bustillos)'s Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 297). For the reasons set forth below, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

In 2016, Rivera Bustillos pleaded guilty to one count of possession with intent to distribute a controlled substance, distribution of a controlled substance, and aiding and abetting. Doc. 255, J., 1. He was subsequently sentenced to 135 months of imprisonment and 3 years of supervised release. *Id.* at 2. At the time he filed his motion, Rivera Bustillos, aged forty-nine, was serving his sentence at North Lake Correctional Facility in Michigan. Doc. 297, Mot. Ex. 1. However, current BOP records indicate he is now located at Allenwood USP in Pennsylvania.[1] As of July 26, 2022,

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/locations/institutions/alp/ (last accessed July 26, 2022).

Allenwood USP reports one active COVID-19 case among its inmates.[2] Rivera Bustillos's scheduled release date is January 30, 2026. Doc. 297, Mot. Ex. 5, 1. On May 24, 2022, Rivera Bustillos filed the pending motion for compassionate release. Doc. 297, Mot. The Court reviews Rivera Bustillos's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.   *Rivera Bustillos Has Exhausted His Administrative Remedies*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The plain text of § 3582(c)(1)(A) provides two grounds to satisfy the administrative-exhaustion requirement—the first prong is a "full exhaustion" requirement, while the second prong is a "statutory exception to the

---

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/index.jsp (last accessed July 26, 2022).

preceding 'full exhaustion' requirement." *United States v. Ezukanma*, 2020 WL 4569067, at \*5 (N.D. Tex. Aug. 7, 2020). To comply with the latter prong, a defendant may show that thirty days have passed since the warden's receipt of his compassionate release request—irrespective of whether the warden acts on the request. *See id.*

The Court finds that Rivera Bustillos satisfies the exhaustion requirement under the second prong. In support of his motion, Rivera Bustillos provides a copy of his request for compassionate release and the warden's response denying his request. Doc. 297, Mot. Ex. A. The warden's response states that Rivera Bustillos's request was received on March 29, 2022, *id.* at 1; he filed this motion on May 24, 2022. *See* Doc. 297, Mot. So, thirty days lapsed before Rivera Bustillos filed this motion with the Court in compliance with statutory requirements to exhaust his administrative remedies. The Court now turns to the merits of his compassionate release motion.

B.  *Rivera Bustillos Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Although Rivera Bustillos has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting a reduction in his sentence. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "describes four 'extraordinary and compelling reasons' that

could warrant a reduced sentence: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *United States v. Tyler*, 2021 WL 736467, at *2 (E.D. La. Feb. 25, 2021) (alterations in original) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D)). The Fifth Circuit has since held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, § 1B1.13 and its commentary nonetheless "inform[] [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

To demonstrate extraordinary and compelling reasons for release, Rivera Bustillos makes a series of health-related claims and argues that his family depends on him for support.[3] Doc. 297, Mot., 1–7, 9. Although Rivera Bustillos does not specifically characterize his family circumstances as an "extraordinary and compelling reason," the Court perceives that he intended his family circumstances be considered as a basis for his motion.

### 1.   Health Conditions

First, Rivera Bustillos argues that the "[t]otality of [his medical] conditions qualify as extraordinary reasons." Doc. 297, Mot., 4. He provides medical records of high cholesterol,

---

[3] Rivera Bustillos also advances arguments that sound in ineffective assistance of counsel. Specifically, he alleges that his lawyer failed to seek a downward variance due to his status as a deportable alien. *See* Doc. 297, Mot., 17. Thus, Rivera Bustillos argues, there is a disparity between his sentence as imposed and what he would have received but for his lawyer's ineffectiveness. *Id.* The appropriate vehicle for an ineffective-assistance claim is 28 U.S.C. § 2255. *See United States v. Sila*, 2022 WL 800113, at *4 n.5 (N.D. Tex. Mar. 16, 2022); *United States v. Tarvin*, 2021 WL 4302238, at *1 n.2 (S.D. Miss. Sept. 21, 2021); *United States v. Rodriguez*, 2021 WL 1978830, at *1 (S.D. Tex. May 17, 2021); *United States v. Marquardt*, 2022 WL 2116210, at *1 (5th Cir. June 13, 2022) (finding no error in district court's holding that compassionate release motion was not a viable substitute for a timely filed 28 U.S.C. § 2255 motion). Alternatively, if Rivera Bustillos seeks to challenge allegedly disparate treatment resulting from his status as an alien, he can do so under 28 U.S.C. § 2241. *See, e.g.*, *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194–195 (5th Cir. 2012) (finding that § 2241 was the proper procedural vehicle for challenging a BOP regulation excluding alien detainees from participation in rehabilitation programs that offered a twelve-month sentence reduction).

hypertension, obesity, and a hernia diagnosis in April 2021 and argues that these underlying medical conditions make him more susceptible to serious illness from COVID-19. *Id.* at 4–5; *id.* Exs. 1–2. He contends that courts have granted compassionate release to "similarly medically situated" defendants based on their vulnerability to COVID-19. Doc. 297, Mot., 4–5 (citing *United States v. Mieses*, 2021 WL 124420, at *1 (S.D.N.Y. Jan. 13, 2021); *United States v. Quintanilla*, 2020 WL 5593203, at *2–3 (N.D. Ind. Sept. 17, 2020); *United States v. Parks*, 2021 WL 1080916, at *6 (N.D. Ga. Mar. 8, 2021)). However, in the cases that Rivera Bustillos cites, obesity was an underlying medical condition of the defendants, but each also had more life-threatening conditions not present here, such as compromised lungs, *Mieses*, 2021 WL 124420, at *4, enlarged heart and family history of cardiac disease, *Parks*, 2021 WL 1080916, at *5–6, and liver disease and absence of a kidney, *Quintanilla*, 2020 WL 5593203, at *2. Moreover, the BOP is currently reporting only one confirmed case of COVID-19 at Allenwood USP, where Rivera Bustillos is incarcerated.[4] *Cf. Quintanilla*, 2020 WL 5593203, at *3 ("Quintanilla's [medical] conditions become even more alarming when one considers where he is being held. . . . FCI Elkton has reported 946 positive tests, the second most of all the facilities in the BOP.").

In the alternative, Rivera Bustillos argues that the "mere danger of future COVID-19 outbreaks is reason enough to warrant release . . . ." Doc. 297, Mot., 20. For support, he cites general COVID-19 rates within the BOP. Doc. 297, Mot., 7. However, the Court considers every prisoner individually, *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020), and general statistics related to COVID-19 fail to demonstrate extraordinary reasons specific to Rivera Bustillos. Moreover, Rivera Bustillos contends that courts have released defendants even

---

[4] *See supra* note 2.

before COVID-19 spread through their prisons. *See* Doc. 297, Mot. 6–7 (citing *United States v. Kennedy*, 449 F. Supp. 3d 713, 718 (E.D. Mich. 2020), *recons. denied*, 2020 WL 1547878 (E.D. Mich. Apr. 1, 2020); *Thakker v. Doll*, 451 F. Supp. 3d 358, 365 (M.D. Pa. 2020)). Notably, those cases arose under different law than the matter before the Court. *See Kennedy*, 449 F. Supp. 3d at 717 (authorizing defendant's release under 18 U.S.C. § 3142, which applies to defendants awaiting trial or sentencing—not to those currently serving time for their sentence); *Thakker*, 451 F. Supp. 3d at 363–364 (determining whether detainees had standing to bring a habeas petition).

Finally, Rivera Bustillos complains of "severe hernia pain" and internal bleeding. Doc. 297, Mot., 5, Exs. 3–4. Here, the Court must consider whether Rivera Bustillos is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The Court recognizes that a hernia condition and internal bleeding may diminish his ability to perform some daily functions. *See* Doc. 297, Mot. Exs. 3–4. But, the Court defers to medical records showing that Rivera Bustillos has received regular and ongoing treatment for these conditions. *See* Doc. 297, Mot. Exs. 1, 3, 4. Thus, the Court is not compelled to grant compassionate release based on the hernia condition and internal bleeding alone. Nor is the Court compelled to grant compassionate release based on the totality of Rivera Bustillos's medical conditions or the COVID-19 pandemic.

### 2.   Family Circumstances

In addition to raising the forgoing health concerns, Rivera Bustillos notes family circumstances as a basis for compassionate release. Doc. 297, Mot., 9. As noted above, the Court's consideration of Rivera Bustillos's request is informed by the commentary to § 1B1.13. *Thompson*,

984 F.3d at 433. The commentary explains that "[f]amily [c]ircumstances" may constitute extraordinary and compelling reasons for a defendant's release in cases involving "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13(1)(A) cmt. n.1(C). "The Court does not necessarily require the exact scenarios described by the commentary to § 1B1.13. However, the Court does believe that compassionate release based on family circumstances should involve a situation where a prisoner's release is necessary to protect the well-being of an incapacitated family member." *United States v. Williams,* 2021 WL 1865005, at *3 (N.D. Tex. May 10, 2021); *see also United States v. Tucker,* 2021 WL 977100, at *2 (N.D. Tex. Mar. 15, 2021) (finding that family circumstances did not warrant compassionate release absent evidence that the defendant was the "only available caregiver" for his incapacitated or minor family members).

Here, Rivera Bustillos alleges that "[b]oth parents are over 70 and require assistance" given that his "father is diabetic" and "[h]is mother has severe Arthritis." Doc. 297, Mot., 9. He also claims that his sister "relie[s] on him to help her around the house." *Id.* However, Rivera Bustillos has not substantiated these claims with documentation; described the particular circumstances of his parents' health or current care; or specifically averred that his release would permit him to care for his parents. *See, e.g., United States v. Hurtado-Aguilar,* 2022 WL 2359638, at *2 (N.D. Tex. June 30, 2022) (denying compassionate release when the defendant failed to provide evidence of his parents' health conditions and that no one else could provide care for them). The Court finds insufficient evidence that Rivera Bustillos's family circumstances warrant his release.

## IV.

## CONCLUSION

Rivera Bustillos's motion for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. For this reason, the Court **DENIES** Rivera Bustillos's Motion (Doc. 297) **WITHOUT PREJUDICE.**

By denying Rivera Bustillos's motion without prejudice, the Court permits Rivera Bustillos to file a future motion for compassionate release in the event he can (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. However, to the extent that Rivera Bustillos merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must first consider the sentencing factors of 18 U.S.C. § 3553. 18 U.S.C. § 3582(c)(1)(A). Because Rivera Bustillos has failed to demonstrate extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

SO ORDERED.

SIGNED: July 27, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE